# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| In the Matters of: | } | |
| | } | |
| RONALD WEATHERFORD | } | CASE NO. 09-85146-JAC-7 |
| SSN: XXX-XX-5274 | } | |
| AMANDA WEATHERFORD | } | |
| SSN: XXX-XX-3403 | } | CHAPTER 7 |
| Debtor(s). | } | |
| | | |
| DONALD HARRIS | } | CASE NO. 10-80238-JAC-13 |
| SSN: XXX-XX-1399 | } | |
| | } | CHAPTER 13 |
| Debtor(s). | } | |

**MEMORANDUM OPINION**

For the reasons set out hereinafter, the Court will henceforth apply the standard of pleading set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 545 (2007) to contested matters.

In the case of Ronald and Amanda Weatherford, the debtors filed a one-sentence motion requesting that their case be reopened. The motion reads in full as follows:

> **COMES NOW** the Debtors, by and through their attorney, John P Coble, Esq., and respectfully requests that the above-styled case be re-opened, having been discharged on April 1, 2010, for the purpose of filing an Adversarial Proceeding due to Defendants violation of the automatic stay under § 362 of the Bankruptcy Code as well as the Discharge injunction under § 524 of the Bankruptcy Code.

The motion does not identify the defendants whom the debtors seek to file an adversary proceeding against, nor does the motion describe how these unidentified defendants allegedly violated the stay and the discharge injunction.

In the case of Donald Harris, the debtor filed an objection to the claim of creditor HSBC Auto Finance. The objection reads in full as follows:

> **COMES NOW** the above-named Debtor, Donald Harris, by and through his attorney of record, Jeffrey B. Irby, and hereby objects to the following claim:
>
> 1. HSBC Auto Finance has filed an unsecured claim in the amount of $20,106.84.
>
> 2. Debtor objects to said claim and states that amount owed is incorrect.
>
> **WHEREFORE**, Debtor Prays that the court set this above matter for hearing.

The objection fails to provide any further factual details explaining just why the amount owed is incorrect.

In *Bell Atl. Corp. v. Twombly*, 550 U.S. 545 (2007), the Supreme Court adopted a new pleading standard to be applied to FED. R. CIV. P. (8)(a)(2) which rule requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly* held under Rule 8(a)(2) that the factual allegations contained in a complaint "must be enough to state a claim to relief that is ***plausible*** on its face." *Twombly*, 550 U.S. at 570. (emphasis added) Pursuant to Bankruptcy Rule 9014 certain Rules of Civil Procedure, including FED. R. CIV. P. 8, generally do not apply to contested matters as distinguished from adversary proceedings. While the pleadings addressed in this opinion are contested matters, Bankruptcy Rule 9013 does require movants to state with ***particularity*** the grounds for the relief sought in a motion. Rule 9013 reads as follows:

> A request for an order, except when an application is authorized by these rules, shall be by written motion, unless made during a hearing. **The motion shall state with particularity the grounds therefor, and shall set forth the relief or order sought.** Every written motion other than one which may be considered ex parte shall be served by the moving party on the trustee or debtor in possession and on those entities specified by these rules or, if service is not required or the entities to be served are not specified by these rules, the moving party shall serve the entities the court directs.

(emphasis added)

In *United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367, n. 14 (2010), the Supreme Court made it clear that courts have the discretion "to raise on their own initiative certain nonjurisdictional barriers to suit." Accordingly, the Court finds that the motions set out above are due to be dismissed, without prejudice, pursuant to Rule 9013 and the *Twombly* pleading standards on the grounds that the same fail to set forth facts that are plausible on the face of the pleadings that would entitle the movants to the relief sought in each of the cases.

I.     ***Twombly* and its Progeny: Pleading Standards under Rules 12(b) and 8(a)**

The Court will begin its analysis of the debtors' pleadings with a review of *Twombly* and the cases decided following same. In *Twombly*, the question before the Supreme Court was whether plaintiffs' antitrust conspiracy allegations under § 1 of the Sherman Act could survive a motion to dismiss where the complaint alleged that certain regional telecommunications providers engaged in parallel conduct unfavorable to competition. The complaint asserted that the defendants conspired with one another by engaging in parallel conduct in their respective service areas to inhibit the growth of new competitors.

*Twombly* retired the "no set of facts" pleading standard under FED. R. CIV. P. 8(a)(2) that the Court had previously established in *Conley v. Gibson*, 355 U.S. 41, 47 (1957). In *Conley,* Justice Black, writing for the Supreme Court, held that a "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly* 550 U.S. at 560 (quoting *Conley,* 355 U.S. at 45-46). *Twombly* explained that courts have read *Conley* so narrowly that "a wholly

conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." 550 U.S. at 561.

Writing for the *Twombly* majority, Justice Souter explained that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions . . . ." 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* Justice Souter further explained that while the plausibility standard is not a "probability requirement," the standard does call "for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the plaintiff's claim. 550 U.S. at 556. While the Supreme Court noted that the plausibility standard does "not require heightened fact pleading of specifics," the Supreme Court explained that to survive a motion to dismiss a complaint must contain "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570. When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." 550 U.S. at 570.

Applying these general standards, the Supreme Court found that plaintiffs' allegations of parallel conduct did not plausibly suggest an illegal conspiracy because the allegations of parallel conduct could just as easily be explained by lawful, independent market behavior. Accordingly, the the Supreme Court concluded that plaintiffs' complaint was due to be dismissed for failure to state a claim that was plausible on the face of the complaint.

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court held that the *Twombly* plausibility standard applies to all civil actions, not just antitrust actions, because it is an interpretation of FED. R. CIV. P. 8. In *Iqbal*, the Supreme Court explained that courts considering a motion to dismiss should adopt a two pronged approach when applying the *Twombly* principles:

> (1) First, "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth" and eliminate same.
>
> (2) Next, where there are "well-pleaded factual allegations . . . . assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

*Iqbal*, 129 S. Ct. 1950. The Supreme Court further explained that courts considering a motion to dismiss may infer from the factual allegations in the complaint obvious alternative explanations which suggest lawful conduct rather than the unlawful acts alleged by the plaintiff.

In *Mukamal v. Bakes (In re Far & Wide Corp.)*, 2010 WL 1731775 (11th Cir. 2010), the plaintiff sued the former Chapter 11 officers and directors of a corporation for breach of fiduciary duty because they allowed the debtor to get deep into debt leading up to bankruptcy. The Eleventh Circuit considered these new pleading standards and held that mere allegations of breach of fiduciary duty asserted against the directors and officers of a corporation, without plausible facts to substantiate same, would not survive a motion to dismiss. In that case, the court of appeals recognized that Delaware law (which applied in the case) does not recognize a cause of action for deepening insolvency. Since Delaware law does not recognize a duty to liquidate and the trustee's complaint failed to allege sufficient facts to sustantiate the necessary elements of a claim for breach of fiduciary duty, the district court did not err in dismissing the trustee's claims.

In *American Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283 (11th Cir. 2010), the Eleventh Circuit extended the new pleading standards to allegations of fraud. Pursuant to FED. R. CIV. P.

9(b), fraud must be alleged with even greater specificity and under the *American Dental* decision allegations of fraud must contain a showing of the following: "'(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which the statements misled plaintiffs; and (4) what the defendants gained by the alleged fraud.'" *American Dental*, 605 F.3d at 1291.

Applying the *Twombly* standard, *American Dental* explained that the standard "'calls for enough facts to raise a reasonable expectation that discovery will reveal evidence' of the claim." 506 F.3d at 1289. The Eleventh Circuit also found it important that the Supreme Court held in both *Twombly* and *Iqbal* "that courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.*

See also *Lubin v. Skow (In re Integrity Bancshares, Inc.)*, 2010 WL 2354141 (11th Cir. 2010), in which the Eleventh Circuit further explained that a simple recitation of the elements of a cause of action in a complaint will not suffice. In that case, the court of appeals found that under Georgia law for there to be a breach of fiduciary duty by the directors and officers of a corporation there must exist the following: (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damages proximately caused by the breach. Officers owe a fiduciary duty to their corporation to execute their responsibilities: (1) in a manner the officers believe in good faith to be in the best interests of the corporation; and (2) with the care an ordinarily prudent person in a like position would exercise under similar circumstances.

In *Integrity Bancshares*, the trustee's complaint alleged that the officers of the holding company caused, authorized, approved and ratified or otherwise allowed the bank to persist in a

7

deficient condition and to exercise unsound business practices. The complaint further alleged that the holding company's officers failed to exercise that degree of care and competence required by ordinarily prudent persons holding similar positions under similar circumstances. The court of appeals found that the complaint simply recited the elements of breach of fiduciary duty in the "unadorned, the defendant-unlawfully-harmed-me" manner. *Integrity Bancshares, Inc.,* 2010 WL 2354141 at *5.

Reading all these decisions leads to the conclusion that there is now a barrier to vexatious, frivolous, and unsubstantiated litigation which can lead to tremendous expense by defendants in defending against same and which clog court dockets with unnecessary and speculative litigation. This Court has seen same in several instances where plaintiffs sue directors and officers, attorneys, private equity firms, work-out specialists and so on while making conclusory allegations and setting forth only the elements of an offense without plausible facts in support thereof while hoping to develop same during discovery and/or for settlement purposes.

## II.   CONTESTED MATTERS

The motion to reopen filed in the Weatherford case and the objection to claim filed in the Harris case are both contested matters.  Rule 9014(c) provides that certain Bankruptcy Rules applicable to adversary proceedings also apply to contested matters. Rule 9014 (c) reads in relevant part as follows:

> **(c) Application of Part VII Rules.** Except as provided in this rule, and unless the court directs otherwise, the following rules shall apply: 7009, 7017, 7021, 7025, 7026, 7028-7037, 7041, 7042, 7052, 7054-7056, 7064, 7069, and 7071. . . . . The court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply.

The rules listed for adversary proceedings that apply in contested matters do not specifically include Rules 12(b) and 8(a). The Court, nevertheless, hereby adopts the *Twombly* pleading standards for contested matters by virtue of the provisions in Bankruptcy Rule 9013 requiring motions to state with **particularity** the grounds for the relief sought.

      The Court cannot adequately prepare for the docket when a motion simply states conclusions with no supporting factual allegations. The respondents to such motions cannot adequately prepare for the hearing when there are no factual allegations supporting the relief sought. Bankruptcy is a national practice and creditors sometimes do not have the time or economic incentive to be represented at each and every docket to defend against entirely deficient pleadings. Likewise, debtors should not have to defend against facially baseless or conclusory claims.

      Accordingly, the motion to reopen and objection to claim are hereby dismissed, without prejudice, on the grounds that neither pleading sets forth with particularity enough facts to state a claim to relief that is plausible on the face of the pleading. Pleadings in contested matters that simply state bare legal conclusions or merely recite the elements of the movant's cause of action that are not supported by any factual allegations will not suffice under Rule 9013's pleading with particularity requirement.

**DONE and ORDERED** this date: August 16, 2010.

                                                                /s/ Jack Caddell
                                                                Jack Caddell
                                                                United States Bankruptcy Judge

xc:    Debtor(s)
        John Coble, attorney for Weatherfords
        Jeffrey Irby, attorney for Harris
        all creditors
        trustee